**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:23-cv-24871-WILLIAMS/GOODMAN**

JESSICA CAMACHO MIRANDA,

     Plaintiff,

v.

NCL (BAHAMAS) LTD.,
A Bermuda Company,

     Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS**

In this maritime personal injury action, Defendant NCL (Bahamas) Ltd., ("Defendant" or "NCL") filed a motion to dismiss Plaintiff Jessica Camacho Miranda's ("Plaintiff") Complaint. [ECF No. 6]. Plaintiff filed a response in opposition, and Defendant filed a reply. [ECF Nos. 17; 20]. United States District Judge Kathleen M Williams. referred the motion to the Undersigned. [ECF No. 12].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant** Defendant's motion to dismiss **without prejudice**, with leave to file an amended complaint within 10 days of an Order adopting this Report.

## I.    Background

Plaintiff filed suit against Defendant for damages related to physical injuries she allegedly sustained while aboard one of Defendant's ships, the *Epic*. [ECF No. 1]. Defendant filed a Motion to Dismiss Plaintiff's Complaint because it says the Complaint is a shotgun pleading and because it fails to include adequate allegations about constructive notice of the supposedly dangerous condition. [ECF No. 6].

Plaintiff's Complaint contains only one count: Negligence. [ECF No. 1, p. 3]. She alleges that:

> 5.      At all times material hereto, including December 30, 2022, Plaintiff was a fare-paying and duly authorized passenger onboard the Norwegian Epic Cruise.
>
> 6.      The Norwegian Epic Cruise departed from a port in San Juan, Puerto Rico, at the commencement of Plaintiff's cruise on December 30, 2022, and was scheduled to, and did, return to a port in San Juan, Puerto Rico, at the culmination of the cruise on January 8, 2023.
>
> ***
>
> 15.      On December 31, 2022, Plaintiff was walking in the corridor on deck #15 inside the Norwegian Epic Cruise ship when she slipped and fell on an unknown wet, and slippery substance resulting in multiple bodily injuries.
>
> 16.      The negligent condition was known to Defendant or existed for a sufficient length of time so Defendant should have known of it.

*Id*. ¶¶ 5–6; 15–16.

## II.    Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

a court must take all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.   Analysis

"Personal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587–88, 111 S. Ct. 1522, 1524, 113 L. Ed. 2d 622 (1991)). "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320–21 (11th Cir. 1989)).

"In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Van Deventer v. NCL Corp. Ltd.*, No. 23-CV-23584, 2024 WL 836796, at *4 (S.D. Fla. Feb. 28, 2024) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to

protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336).

The duty of care owed by an owner of a ship in navigable waters while its passengers are on board the vessel is a duty of exercising reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990). Additionally, under general maritime law, "a cruise line owes its passengers a duty to warn of known dangers beyond the point of debarkation in places where passengers are invited or reasonably expected to visit." *Chaparro*, 693 F.3d at 1336; *Carlisle v. Ulysses Line Ltd., S.A.*, 475 So. 2d 248, 251 (Fla. 3d DCA 1985); *Carmouche v. Carnival Corp.*, 13-62584-CV, 2014 WL 12580521, at *5 (S.D. Fla. May 15, 2014); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1340 (S.D. Fla. 2016).

### *Shotgun Pleading/Comingling of Claims*

Defendant argues that Plaintiff's Complaint is a shotgun pleading because it contains the single count of negligence yet includes multiple theories of negligence. [ECF No. 6, p. 2]. The Undersigned agrees.

The Eleventh Circuit has stated that the purpose of Federal Rules of Civil Procedure 8 and 10 is to "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive

pleading." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Complaints that violate Rule 8 or Rule 10 are termed "shotgun pleadings," and the Eleventh Circuit has consistently condemned such pleadings for more than three decades. *See Davis v. Coca-Cola Bottling Co. v. Consol*, 516 F.3d 955, 979–80 & n.54 (11th Cir. 2008) (collecting cases) (abrogated on other grounds).

> There are four types of shotgun pleadings:
>
> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321–23 (footnotes omitted). "The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources." *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel

and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id* (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018)).

A district court's inherent authority to control its docket includes the ability to dismiss a complaint on shotgun pleading grounds. *Vibe Micro, Inc.*, 878 F.3d at 1295 (citing *Weiland*, 792 F.3d at 1320). The Eleventh Circuit has also noted that district courts should require a plaintiff to replead a shotgun complaint even when the defendant does not seek such relief. *See Hirsch v. Ensurety Ventures, LLC,* No. 19-13527, 2020 WL 1289094 at *3 (11th Cir. Mar. 18, 2020).

Courts in this District have recognized that each alleged breach of the duty of care must be pled separately. It is not sufficient to cast a wide net of purported breaches in an attempt to keep one negligence claim afloat. *See Dunn v. NCL (BAHAMAS) Ltd.*, No. 23-cv-20083, 2023 WL 4186418, at *3 (S.D. Fla. June 26, 2023); *Al-Hindi v. Royal Caribbean Cruises, LTD.*, No. 22-24032-CIV, [ECF No. 16] (S.D. Fla. March 14, 2023); *see also Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *10 (S.D. Fla. Apr. 23, 2021) (collecting cases).

In response to Defendant's argument, Plaintiff states, "Plaintiff's Complaint contains multiple paragraphs of factual allegations, which are incorporated into Count I, the only claim in the Complaint." [ECF No. 17, p. 4]. Plaintiff contends that her Complaint "alleges a **single** cause of action for negligence and supports it with factual allegation

paragraphs as well as the various ways which [Defendant] has breached that duty." *Id*. at 5–6 (emphasis added).

In Count I, Plaintiff alleges that "Defendant owed a duty to its passengers, including Plaintiff, to exercise reasonable care in the design, construction, maintenance, and operation of its vessel, including its amenities and surfaces." [ECF No. 1, ¶ 18]. Defendant allegedly breached that duty by:

a. Designing the layout of the corridor area such that a wet slippery substance would foreseeably and very frequently be present;

b. Failing to cover all portions of high-frequency areas surrounding the corridor area with proper carpets that cover slippery areas, such that passengers frequently and foreseeably would not step upon the unreasonably slippery portions;

c. Failing to cover all portions of high-frequency areas surrounding the corridor area with a slip-resistant material, such that passengers frequently and foreseeably would step upon the unreasonably slippery portions;

d. Failing to utilize a material when designing, constructing, and approving the design and construction of the corridor area that is adequately slip-resistant and not unreasonably dangerous when there is a wet slippery substance;

e. Failing to exercise reasonable care in maintaining the vessel in a condition reasonably safe for passengers;

f. Failing to warn passengers of dangers that were known, or should have been known, to Defendant and that existed on the Norwegian Epic Cruise in places that passengers are invited, or should be reasonably expected to visit; and

g. Allowing substances, the existence of which Defendant was aware or should have been aware for a long period prior to Plaintiff's fall, to accumulate and rest upon the ship's surface, posing a known (by

Defendant) and unreasonable danger to passengers, including Plaintiff.

*Id*. at ¶¶ 18(a)–(g).

Plaintiff's Complaint includes at least three theories of negligence within its single count: negligent design and construction (¶¶ 18a, 18d), negligent maintenance (¶¶ 18b, 18c, 18e, 18g), and negligent failure to warn (¶ 18g).

"Plaintiff's pleadings fall squarely into the third category of shotgun pleadings. The negligent failure to maintain, failure to warn, and negligent design claims are **distinct** negligence claims and cannot be 'nestled within [a] general negligence claim.'" *Pride v. Carnival Corp.*, No. 23-CV-22121, 2023 WL 6907813, at *4 (S.D. Fla. Oct. 19, 2023) (emphasis added) (quoting *Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023)). The *Pride* Court summarized the distinct elements between these types of negligence claims:

> Negligent **failure to warn** "sounds in negligence but is a separate cause of action with distinct elements." [*Anders*, 2023 WL 4252426, at *4] (citing *Reed v. Royal Caribbean Cruises, Ltd*., No-10-Civ-24668, 2021 WL 2592914, at *9 (S.D. Fla Apr. 23, 2021)). To state a claim for negligent failure to warn, Plaintiff must allege: (1) that Defendant knew of the allegedly dangerous conditions; and (2) that the condition was not open and obvious. *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264 (11th Cir. 2020) (citing to *Guevara v. NCL (Bahamas) Ltd*., 920 F.3d 710, 720 n.5 (11th Cir. 2019)). To satisfy the first element, Plaintiff must allege either actual or constructive notice. "Actual notice exists when the defendant knows about the dangerous condition." *Holland v. Carnival Corp.* 50 F.4th 1088, 1095 (11th Cir. 2022). Constructive notice can be established when a plaintiff plausibly alleges that: (1) the hazardous condition existed "for a sufficient length of time"; or (2) substantially similar conditions must have caused substantially similar prior incidents. *Id*. at 1096.

> Negligent **design** claims have different elements. Specifically, "[l]iability based on negligent design requires proof that the shipowner or operator 'actually created, participated in or approved' the alleged improper design." *Diczok v. Celebrity Cruises, Inc.*, 263 F. Supp. 3d 1261, 1264 (S.D. Fla. 2017) (citing *Groves v. Royal Caribbean Cruises, Ltd.*, 463 F. App'x 837, 837 (11th Cir. 2012)). The crucial element of a negligent design claim is the "actual participation or approval" of the alleged improper design. *Id*. There is no overlap between the elements of those two distinct negligent claims. Nestling claims in this manner amounts to a shotgun pleading.

*Id*. (emphasis added).

"For a **negligent-maintenance** claim, that duty may still arise 'even if the danger was obvious[;]' however, for a negligent failure-to-warn claim, the duty only applies to 'known dangers that are not open and obvious.'" *Hester v. NCL (Bahamas) Ltd.*, No. 1:20-CV-23208, 2021 WL 5050340, at *2 (S.D. Fla. Nov. 1, 2021) (quoting *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020)) (emphasis supplied).

Because Plaintiff's Complaint impermissibly comingles different theories of negligence within the same count, the Undersigned **respectfully recommends** that Defendant's motion be **granted** on this basis. *See Anders*, 2023 WL 4252426, at *7; *Finch v. Carnival Corp.*, No. 23-CV-21704, 2023 WL 7299780, at *7 (S.D. Fla. Nov. 6, 2023) (dismissing complaint because plaintiff improperly commingled multiple causes of action within a single count); *Kercher v. Carnival Corp.*, No. CV 19-21467-CIV, 2019 WL 1723565, at *1 (S.D. Fla. Apr. 18, 2019) (collecting cases) ("Each theory is a separate cause of action that must be asserted independently and with supporting factual allegations.").

*Actual or Constructive Notice*

Defendant argues that Plaintiff failed to sufficiently allege actual or constructive notice of the dangerous condition because "she has failed to allege sufficient matter which, taken as true, would establish a right to relief." [ECF No. 6, p. 4]. Defendant contends that Plaintiff "simply makes a form and conclusory allegation that '[t]he negligent condition was known to [Defendant] or existed for a sufficient length of time so [Defendant] should have known of it.'" *Id* (citing ECF No. 1, ¶ 16).

Plaintiff states that she properly alleged notice because the Complaint "alleges a substance and location of a condition as well as an allegation that the condition existed for a sufficient amount of time as for [Defendant] to have constructive notice." [ECF No. 17, p. 7]. She argues that the following paragraphs from her Complaint provided sufficient allegations of notice:

> 15. On December 31, 2022, Plaintiff was walking in the corridor on deck #15 inside the Norwegian Epic [c]ruise ship when she slipped and fell on an unknown wet, and slippery substance resulting in multiple bodily injuries.
>
> 16. The negligent condition was known to Defendant or existed for a sufficient length of time so Defendant should have known of it.

[ECF No. 1, ¶¶ 15–16]

The Undersigned disagrees.

Defendant cites two cases which are instructive -- and binding -- on this issue:

*Holland v. Carnival Corp*. 50 F.4th 1088, 1095 (11th Cir. 2022) and *Newbauer v. Carnival Corp.*, 26 F.4th 931, 932 (11th Cir.), *cert. denied*, 143 S. Ct. 212, 214 L. Ed. 2d 83 (2022).

In *Holland*, the Eleventh Circuit reviewed whether the district court erred in dismissing the plaintiff's complaint for failure to state a claim because the plaintiff "failed to plausibly allege that [the defendant] had actual or constructive notice of the alleged hazardous condition." 50 F.4th at 1093. The Court explained that:

> [a]ctual notice exists when the defendant knows about the dangerous condition. *See Keefe*, 867 F.2d at 1322; *Guevara*, 920 F.3d at 720. Constructive notice exists where "the shipowner ought to have known of the peril to its passengers, the hazard having been present for a period of time so lengthy as to invite corrective measures." *Keefe*, 867 F.2d at 1322. A plaintiff can establish constructive notice by alleging "that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara*, 920 F.3d at 720 (alteration in original) (quoting *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988)). A plaintiff can also establish constructive notice by alleging "substantially similar incidents in which 'conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Id*. (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1988)).

*Id*. at 1095. The *Holland* plaintiff "alleged that a hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies." *Id* at 1095–96.

The *Holland* Court found that for a claim to have facial plausibility related to constructive notice, it must allege that "either (1) the hazardous substance existed on the staircase for a sufficient length of time, *see Keefe*, 867 F.2d at 1322, or (2) substantially similar incidents occurred in which 'conditions substantially similar to the occurrence in question must have caused the prior accident,' *Guevara*, 920 F.3d at 720 (quoting *Jones*, 861 F.2d at 661–62)." *Id* at 1096.

To satisfy the first element, a complaint must allege how long the condition existed on the at-issue-surface (*i.e.*, how long the slippery substance on the deck #15 corridor existed). Here, Plaintiff states that, "[t]he negligent condition was known to Defendant **or existed for a sufficient length of time** so Defendant should have known of it." [ECF No. 1, ¶ 16 (emphasis added)]. The *Holland* Court found insufficient similar language in the plaintiff's complaint: "[a]s to the length of time the alleged hazardous substance was on the staircase, we conclude that the inferential leap from Holland's premise -- that the staircase is highly visible and well-trodden -- to his conclusion that the hazard existed for **a sufficient length of time** -- is too great." 50 F.4th at 1096 (emphasis added).

The *Holland* complaint left a plot hole that the Court there was not willing to fill. The *Holland* Court emphasized that the complaint failed to allege *anything* "describing the substance in a way that would suggest it existed on the staircase for a sufficient period of time" implying that the defendant "should have been aware of it or that would tend to show that the liquid was on the staircase for an amount of time sufficient to impute constructive notice[.]" *Id*.

Similarly, in *Newbauer*, the Eleventh Circuit held that the plaintiff there failed to state a claim because she failed to properly allege notice with enough specificity. *Newbauer*, 26 F.4th at 936. There, the plaintiff fell on a cruise ship and sued the cruise line, arguing that it was directly liable for negligent maintenance and failure to warn. The Court found her complaint deficient because:

For example, Newbauer alleged in her complaint that Carnival had constructive notice of the wet substance on the deck because it was in a "high traffic dining area," but she failed to provide any **factual** allegations supporting the notion that high traffic in the area gave Carnival notice of the condition. Similarly, while Newbauer alleged in her complaint that the substance "had existed for a sufficient period of time before [her] fall" such that Carnival had constructive notice of its presence, she failed to allege any **facts** in support of this *conclusory* allegation. Likewise, Newbauer failed to allege a sufficient **factual** basis to support her conclusory allegation that Carnival had actual or constructive knowledge of the hazard based on the "regularly and frequently recurring nature of the hazard in that area."

***

Newbauer[ ] . . . failed to allege any **facts** suggesting the amount of time the hazard existed on the deck before she fell or that there were crewmembers monitoring the area. Indeed, Newbauer's complaint did not allege any **facts** supporting the conclusions that the substance had been on the floor for a sufficient period of time to create constructive notice, that this was a recurring issue, or that there may have been employees in the area who observed the hazard and failed to take corrective action.

*Id*. at 935–36 (emphasis supplied).

Here, Plaintiff cites to *Marshon v. Fresh Mkt., Inc.*, No. 16-81609-CIV, 2017 WL 78797, at *6 (S.D. Fla. Jan. 6, 2017) and *Rolle v. Chipotle Mexican Grill, Inc.*, No. 23-CV-14232, 2023 WL 6797056, at *2 (S.D. Fla. Sept. 27, 2023), *report and recommendation adopted*, No. 23-14232-CIV, 2023 WL 6795019 (S.D. Fla. Oct. 13, 2023), in arguing that "it is unreasonable to require a plaintiff, before discovery, to pinpoint an exact interval of time a dangerous condition has existed in order to sufficiently allege notice as needed for a negligence claim." [ECF No. 17, p. 6]. But neither case is controlling precedent nor based in maritime law. Moreover, the cases appear to be inconsistent with *Holland* and *Newbauer*, both of

which are recent, binding opinions from our appellate court. More on Plaintiff's argument about the link between discovery and meeting the pleadings standard for notice below.

Additionally, Plaintiff misinterprets Defendant's argument (and in turn, the rulings in *Holland* and *Newbauer*).[1] The Eleventh Circuit does not require Plaintiff to *specifically* pinpoint **when** the hazardous condition was present. It merely requires factual allegations about **how** Plaintiff reached that conclusion. Both of those complaints (*Holland* and *Newbauer*) failed to provide factual support informing the Court **how** the plaintiff knew that the alleged substance was present for "a sufficient period of time" -- and what **facts** show that the cruise ship operator had the constructive (or actual) notice type of knowledge.

Defendant highlights certain questions that Plaintiff should ask herself about this important issue:

> How does Plaintiff know that [Defendant] knew about it, or should have known about it? What did she allegedly slip in? What did it look like? How long was it there? Where did it come from? Where exactly did the alleged incident occur? Who else was in the area at the time of the alleged incident? These are just some of the basic questions that Plaintiff should be required

---

[1]     Plaintiff did not directly discuss either case in her response. [ECF No. 17]. Therefore, she has waived any argument as to their applicability or how her facts plausibly suggested under the *Holland* and *Newbauer* rule that Defendant had notice of the hazardous condition. *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("when a party fails to respond to an argument or otherwise address a claim," the Court deems such argument or claim "abandoned" (citation omitted)). Given that both cases are in fact the law in this Circuit and were cited (and extensively discussed) in NCL's dismissal motion, Plaintiff's failure to address them is inexplicable.

to address when alleging that [Defendant] knew about, or should have known about, whatever condition she alleges to have slipped in.

[ECF No. 20, p. 2].

Plaintiff could also ask herself whether she had seen that hazardous condition before and, if so, how many times? And she could inquire into the issue of whether she knows anyone else who saw the hazardous condition, and, if so, when?

*Holland* and *Newbauer* establish that the Eleventh Circuit is imposing significant pleading requirements in personal injury lawsuits against cruise ship operators like NCL. Indeed, the allegations in those two appellate cases are far-*more* comprehensive and detailed than the ones in the instant case -- and our appellate court still found them inadequate in both cases.

For example, in *Holland,* the Eleventh Circuit summarized the plaintiff's factual allegations concerning notice (and they are significantly more detailed than the allegations here):

1.  The glass staircase, on which Holland slipped and fell due to a hazardous substance, was in a highly trafficked area of the Horizon.

2.  Several hundred passengers and crewmembers traversed the staircase everyday, many of whom carried drinks.

3.  Crewmembers working in shops surrounding the staircase had "a clear unobstructed view of the staircase," and there were "frequently spills on the staircase," which Holland contended Carnival was "aware of due to the frequent nature of prior slip[-]and[-]fall incidents on this staircase."

4.  Thus, those crewmembers "can see spills as they happen and can see foreign substances left on the staircase by spills," and at the time of

Holland's fall, "the surrounding shops were staffed with crewmembers who had been present in their shops for approximately four hours or more."

5. Finally, Holland alleged that safety agencies had "developed safety standards applicable to this staircase."

The Eleventh Circuit then explained that, "[i]n sum, Holland alleged that the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies." *See Holland*, 50 F.4th at 1095–96. The *Holland* Court held that these allegations establish only the *possibility* that Carnival had constructive notice of the hazardous substance on the staircase as to invite corrective measures but are insufficient to create *facial plausibility*.

Similarly, the allegations in *Newbauer,* while less specific than the ones in *Holland*, were still more specific than the ones here.

Newbauer alleged in her complaint that Carnival had constructive notice of the wet substance on the deck because it was in a "high traffic dining area." Newbauer also alleged in her complaint that the substance "had existed for a sufficient period of time before [her] fall" such that Carnival had constructive notice of its presence. Likewise, Newbauer alleged that Carnival had actual or constructive knowledge of the hazard based on the "regularly and frequently recurring nature of the hazard in that area." 26 F.4th at 935–36.

At bottom, the appellate court held that these allegations were legal conclusions not supported by factual allegations. More specifically, the *Newbauer* Court rejected the

plaintiff's theory that her allegations support the following series of inferences (which the plaintiff argued are sufficient to plead constructive notice of the wet substance on the deck): (1) because the area was highly trafficked, crewmembers working in the nearby bars and restaurants would be present there; (2) before and at the time of her fall, crewmembers were staffing the surrounding bar and dining areas; and (3) those crewmembers had a clear, unobstructed view of the area in which she fell.

The Eleventh Circuit was unwilling to adopt those inferences because "[the plaintiff] failed to allege any facts suggesting the amount of time the hazard existed on the deck before she fell or that there were crewmembers monitoring the area." *Id.* at 936. In the instant case, of course, Plaintiff asserted fewer allegations concerning notice, offered less facts, and did not even proffer an inference-based theory.

So if the more-comprehensive allegations were insufficient to create a plausible claim of constructive notice in *Holland* and *Newbauer*, then the allegations here are, under the recent Eleventh Circuit law, surely inadequate, as well.

### But What About Plaintiff's "I-have-not-yet-obtained-discovery" Theory?

As noted earlier, Plaintiff argues that "[c]ourts in this district have held that it is unreasonable to require a plaintiff, before discovery, to pinpoint an exact interval of time a dangerous condition has existed in order to sufficiently allege notice as needed for a negligence claim." [ECF No. 17, p. 6]. To support this argument, Plaintiff cites to two non-binding federal district court cases (*Rolle* and *Marshon*) which survived motions to

dismiss when: (1) plaintiff claimed "that [a wet] condition existed for long enough that Fresh Market knew or should have known of its existence" and (2) a different plaintiff in another case alleged that a transitory substance existed and its location was sufficient notice[.]"

Plaintiff here cited *Marshon* for the holding that "notice pleading would become a nullity" if a plaintiff, **without the benefit of discovery**, were forced to allege with precision the physical and causal attributed of the accident in her complaint." 2017 WL 78797, at *4 (emphasis suppled). *Marshon* is further helpful to Plaintiff's point about the need to obtain discovery in its analysis of a motion to dismiss in a slip-and-fall case: in denying the motion to dismiss, the *Marshon* Court noted (albeit in 2017) that defendant cited no cases for the proposition that, at the pleadings stage, a plaintiff must establish "the wet substance's **precise location**, composition, size or characteristics, origin, or cause of the mechanics of the victim's fall" – **nor could it** (because "this is exactly the type of information that can only be **illuminated through discovery**"). *Id.* (emphasis supplied).

These two cases are not binding. But *Holland* and *Newbauer are* binding. In addition, the plaintiff in both *Holland* and *Newbauer* argued to our appellate court that the lack of discovery at the time the complaint is filed must be considered and should generate leeway for a plaintiff to obtain the more-specific facts through discovery. Specifically, the plaintiffs in those two recent Eleventh Circuit cases (who, coincidentally, were represented by the same law firm and attorney) asserted the following argument:

18

> The district court's pleading standard would also require injured cruise ship passengers to plead, **before obtaining any discovery**, information **inherently unavailable to them**, such as specific prior similar incidents, specific crewmember observations, *or the exact amount of time the risk creating condition had been present* before the injury. After disembarking, a passenger will have no access to the ship, ship's records, or crew. **Information** about recorded prior incidents, crewmember statements or records, or preserved video if any will be in the possession of the cruise line and **unavailable to the passenger**. (emphasis supplied)

*See* Brief of Appellant at *18, *Holland v. Carnival Corp*. 50 F.4th 1088, 1095 (11th Cir. 2022) (No. 21-10298); Brief of Appellant at *15, *Newbauer v. Carnival Corp*., 26 F.4th 931, 936 (11th Cir.), *cert. denied*, 143 S. Ct. 212, 214 L. Ed. 2d 83 (2022) (No. 21-10955).

Indeed, the plaintiffs in *Holland* and *Newbauer* focused on myriad practical points concerning an injured passenger's inability to obtain detailed information about the specifics of the injury and about the factors used to establish constructive notice. In separate cases before the Eleventh Circuit, both plaintiffs advanced many arguments which reflect the policy considerations implicit in *Marshon* and *Rolle*:

1. Requiring a plaintiff at the pleading stage to allege specific prior incidents by date and nature or actual observations of the scene before the injury "places an unrealistic and impossible burden on passengers."

2. Injured passengers, almost by definition, will have no knowledge of the events preceding their injuries.

3. Once disembarked, a passenger will have no access before filing suit to the vessel, its crew, or any preserved video of the incident, if it is preserved.

4. Before injured passengers file suit and begin the discovery process, the only information they will realistically know about the cause of their injuries is their

own contemporaneous observations, which may be undermined by the fact that they are distracted by the need to tend to their injuries and their inability to move about the ship.

5.   Passengers will have no access to video before filing suit and therefore would have no opportunity to determine from video evidence the exact amount of time the substance was present.

6.   Passengers would have no information about prior similar incidents, as that knowledge is in the cruise line's possession.

7.   Passengers would have no access to the ship's records before discovery begins and before filing their lawsuits.

8.   Passengers lack access to the crew after disembarking and before discovery, and therefore would not be able to determine before filing suit what, if anything, any specific crewmember actually saw before the injury (or when he saw it).

9.   Requiring passengers to allege facts which are in the exclusive knowledge of the cruise line until discovery begins "will guarantee that most injured passengers will not be able to even allege a cause of action for their injuries, let alone proceed with litigation."

See Brief of Appellant at *8–26, *Holland v. Carnival Corp.* 50 F.4th 1088, 1095 (11th Cir. 2022)(No. 21-10298); Brief of Appellant at *10–31, *Newbauer v. Carnival Corp.*, 26 F.4th 931, 936 (11th Cir.), *cert. denied*, 143 S. Ct. 212, 214 L. Ed. 2d 83 (2022)(No. 21-10955).

These points certainly appear to be based on common sense and reality, and therefore could be deemed logical on their face. They could all also apply to the instant case. But there is an obvious reason why the Undersigned is reluctant to rely on them and to factor in the absence of discovery in my recommendation here to Judge Williams: It seems that **the Eleventh Circuit,** in the two recent published opinions discussed in this

Report, **did not find these arguments persuasive** (in affirming orders dismissing complaints). In fact, although the Eleventh Circuit panels did not *expressly* reject the arguments in either opinion, the two appellate panels did not even discuss any of the practical arguments about a potential plaintiff's inability before discovery to obtain specific facts about a slip-and-fall case concerning a hazardous or dangerous substance on the floor.

Nevertheless, the Undersigned is not prepared at this point to conclusively determine whether the Eleventh Circuit in *Holland* and *Newbauer* implicitly decided the issue of how an inability to obtain discovery impacts the plausibility standard for alleging constructive notice in a direct liability claim in a slip-and-fall case brought by a passenger against a cruise operator.

Instead, focusing on the factual allegations concerning constructive or actual notice (or the absence of those factual allegations), the Undersigned concludes that the allegations here are conclusory, overly succinct, and devoid of specific facts concerning critical aspects of the actual and/or constructive notice elements. This Report and Recommendations does not determine whether those deficiencies were caused by the inability to obtain discovery. Because Plaintiff will be able to submit an amended pleading if Judge Williams were to adopt this ruling, she will have the opportunity to see whether she can amplify her factual allegations about NCL's notice.

The Undersigned notes that some plaintiffs have been able to clear motions to

dismiss after *Holland,* even without the benefit of discovery. *See, e.g., Lopez v. Carnival Corp.,* 2022 WL 4598657 (S.D. Fla. Sept. 30, 2022) (rejecting Carnival's challenge to the actual notice and constructive notice allegations and denying motion to dismiss); *Spotts v. Carnival Corp.,* No. 23-cv-22906, 2024 WL 111921 (S.D. Fla. Jan. 10, 2024) (finding that Plaintiff stated claim under constructive notice theory based, in large part, on allegations of prior incidents); *Fawcett v. Carnival Corp.,* No. 23-21499, 2023 WL 4424195, at *3 (S.D. Fla. July 10, 2023) (denying, in part, motion based on allegations of prior similar incidents).

As previously stated, Plaintiff's improper claim commingling places her Complaint within the third type of shotgun pleading under *Weiland.* 792 F.3d at 1320. However, her logical leaps *also* place her Complaint into the *second* type of shotgun pleading -- "being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. Plaintiff's allegations are too nebulous and conclusory to convert the claim into a plausible one.

Therefore, the Undersigned **respectfully recommends** that the District Court **grant** Defendant's motion without prejudice because Plaintiff's Complaint fails to properly allege actual or constructive notice of the dangerous condition and because it is the second and third types of impermissible shotgun pleading.

## IV.    Conclusion

For the above-mentioned reasons, the Undersigned **respectfully recommends** that the District Court **grant** Defendant's Motion to Dismiss **without prejudice, with leave to amend**.

The Undersigned **respectfully recommends** that if Plaintiff files an Amended Complaint, then it should assert each of the three main theories of liability alleged as a separate cause of action and properly allege each element, including notice. Any legal conclusions that form the basis for those claims must be made in good faith and supported by factual allegations. *See* Fed. R. Civ. P. 11(b); *Gayou v. Celebrity Cruises, Inc.,* No. 11-23359, 2012 WL 2049431 at *6 (S.D. Fla. June 5, 2012) ("Upon re-pleading, however, [plaintiff] is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations" – and noting that "conclusory allegations grounded in thin air will not do").

## V.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days

of the objection. Failure to timely file objections shall bar the parties from a *de novo*

determination by the District Judge of an issue covered in the Report and shall bar the

parties from attacking on appeal unobjected-to factual and legal conclusions contained in

this Report except upon grounds of plain error if necessary in the interest of justice. *See*

28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d

790, 794 (1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, April 11,

2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record